# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Monica Burnette<br>4324 S. Forrestville Ave., Floor 2<br>Chicago, IL 60653<br><br>    Plaintiff,<br><br>v.<br><br>Apex Financial Management, LLC<br>c/o Jeffery W. Linstrom, Registered Agent<br>5 Revere Dr, Suite 206<br>Northbrook, IL 60062<br><br>    Defendant. | FILED: JULY 28, 2008<br>08CV4255<br>CASE NO.: JUDGE COAR<br>MAGISTRATE JUDGE NOLAN<br>JUDGE: YM<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around March 15, 2008, Defendant telephoned Plaintiff at work.

8. During this communication, Plaintiff notified Defendant that Plaintiff could not speak to Defendant while Plaintiff was at work, indicating that such calls were inconvenient for Plaintiff.

9. During this communication, Defendant threatened to place a lien on Plaintiff's property.

10. During this communication, Defendant that Plaintiff could go to jail if the debt was not paid.

11. On or around March 16, 2008, Defendant telephoned Plaintiff at work again.

12. During this communication, Plaintiff reiterated that she could not speak to Defendant while she was at work, but Defendant ignored Plaintiff's notice and continued its efforts to collect the debt.

13. During this communication, Defendant repeatedly interrupted Plaintiff whenever Plaintiff attempted to speak.

14. During this communication, Defendant again threatened to place a lien on Plaintiff's property.

15. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around March 19, 2008.

16. During this communication, Plaintiff reiterated that she could not speak to Defendant while she was at work, but Defendant again ignored Plaintiff's notice.

17. During this communication, Defendant accused Plaintiff of being uncooperative and threatened to send through paperwork to investigate Plaintiff's finances.

18. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around April 17, 2008.

19. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff.

20. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

34. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

35. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

36. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## **JURY DEMAND**

38. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   233 S. Wacker
   Sears Tower, Suite 5150
   Chicago, IL 60606
   Telephone:  866-339-1156
   Email:  tjs@legalhelpers.com
   Attorneys for Plaintiff